■ GERARD T. GOONAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [902 NYS2d 159]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), entered November 24, 2008, as denied that branch of his motion which was, in effect, pursuant to CPLR 3215 for leave to enter a default judgment.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action seeking damages for personal injuries after he allegedly was injured on a bus owned and operated by the defendant. The defendant timely served an answer upon the plaintiff. Thereafter, the plaintiff moved, inter alia, for leave to enter a default judgment on the ground that the defendant had not filed its answer with the clerk of the Supreme Court. The Supreme Court denied that branch of the plaintiff's motion. We affirm the order insofar as appealed from.

A plaintiff may seek leave to enter a default judgment when a defendant, among other things, has failed to appear within the time required (*see* CPLR 3215 [a]; *Okeke v Ewool*, 66 AD3d 978, 979 [2009]). A defendant appears, inter alia, by serving an answer upon the plaintiff (*see* CPLR 320 [a]; *Cerrito v Galioto*, 216 AD2d 265, 266 [1995]; *cf. Ahmad v Aniolowiski*, 28 AD3d 692, 693 [2006]). Contrary to the plaintiff's contention, there is no statutory or other requirement that an answer, timely served upon a plaintiff, must also be filed with the clerk of the relevant court in order for a defendant to appear in the action. Here, the defendant appeared in the action by timely serving its answer upon the plaintiff (*see* CPLR 320 [a]; Siegel, NY Prac § 110, at 199 [4th ed]) and, therefore, there was no default.

The plaintiff's remaining contentions are without merit. Fisher, J.P., Dickerson, Eng and Belen, JJ., concur.