██ GRP LOAN, LLC, et al., Respondents, v JOY TAYLOR et al., Appellants, et al., Defendant. [945 NYS2d 336]—

In an action to foreclose a mortgage, the defendants Joy Taylor and Lennox Taylor appeal (1) from an order of the Supreme Court, Nassau County (Adams, J.), entered October 21, 2010, which granted the motion of the plaintiff GRP Loan, LLC, inter alia, for summary judgment and for leave to amend the caption to add DLJ Mortgage Capital, Inc., as a plaintiff, and (2), as limited by their brief, from so much of an order of the same court entered January 20, 2011, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered October 21, 2010, is dismissed, as that order was superseded by the order entered January 20, 2011, made upon reargument; and it is further,

Ordered that the order entered January 20, 2011, is affirmed insofar as appealed from, with costs to the respondent DLJ Mortgage Capital, Inc.

In 2007 the defendant Joy Taylor executed an adjustable rate note to borrow the sum of $420,750 from Alliance Mortgage Banking Corp. (hereinafter Alliance). The note was secured by a mortgage on Taylor's property located in Elmont. Alliance then assigned the note and mortgage to Option One Mortgage Corporation (hereinafter Option One). On March 2, 2007, Option One assigned the note and mortgage to the plaintiff GRP Loan, LLC (hereinafter GRP).

On May 11, 2009, GRP commenced this foreclosure action against, among others, Joy Taylor, by the filing of a summons and complaint, alleging that Taylor had defaulted on her payment obligation as of April 1, 2008. Subsequent to the commencement of this action, GRP assigned the note and mortgage to the plaintiff DLJ Mortgage Capital, Inc. (hereinafter DLJ). The Supreme Court granted the motion of GRP, inter alia, for summary judgment and for leave to amend the caption to add DLJ as a plaintiff and to add Joy Taylor's husband, Lennox Taylor, as a defendant (hereinafter together the appellants). Joy Taylor then moved for leave to reargue her opposition to GRP's motion, and, upon reargument, the Supreme Court adhered to the original determination.

"In order to commence a foreclosure action, the plaintiff must have a legal or equitable interest in the subject mortgage" (*Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709, 709 [2009]; *see CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759, 761 [2011]). A plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note prior to commencement of the action with the filing of the complaint (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207-208 [2009]). Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, GRP met its prima facie burden by producing "the mortgage and unpaid note, along with evidence of default" (*Capstone Bus. Credit, LLC v Imperia Family Realty, LLC*, 70

AD3d 882, 883 [2010]; *see Deutsche Bank Natl. Trust Co. v Posner*, 89 AD3d 674, 674-675 [2011]; *Aurora Loan Servs., LLC v Thomas*, 53 AD3d 561 [2008]). GRP also submitted documentation, in the form of written assignments, which established that it was the owner and holder of the subject mortgage and note prior to the commencement of this action. These assignments were duly recorded in the Nassau County Clerk's Office.

Furthermore, GRP submitted documentation establishing the assignment of the mortgage and note to DLJ subsequent to the commencement of the action. Pursuant to CPLR 1018, "the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Moreover, "[t]he determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (*NationsCredit Home Equity Servs. v Anderson*, 16 AD3d 563, 564 [2005]; *see CitiMortgage, Inc. v Rosenthal*, 88 AD3d at 761).

The appellants' remaining contentions, including their contention that various loan documents and assignments of the note and mortgage were fraudulently altered, are without merit.

Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting GRP's motion, inter alia, for summary judgment and for leave to amend the caption to add DLJ as a plaintiff. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.