OPINION OF THE COURT
Wayne P. Saitta, J.
Plaintiff, HSBC Bank USA, N.A., as trustee for the registered holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-3 (hereinafter plaintiff), moves this court for an order pursuant to CPLR 3212 for summary judgment against the defendant and striking the answer of defendant and granting further relief as this court deems just and proper.
Facts
Plaintiff moves for summary judgment and seeks to strike the answer and dismiss the affirmative defenses of defendant Patricia B. Thomas. Plaintiff commenced an action on April 9, 2011 to foreclose a mortgage which encumbers the property located *431 at 9015 Avenue K, Brooklyn, New York. The mortgage secures loans made to defendant in the total amount of $540,000.
On May 22, 2006, defendant signed a note to repay a loan of $470,000 from Delta Funding Corporation. On May 22, 2006, defendant also signed a mortgage to secure the note.
On June 29, 2007, defendant signed a second note in return for a loan of $71,856.13. On June 29, 2007, defendant signed a second mortgage to secure this note.
Also on June 29, 2007, defendant signed a consolidation, extension and modification agreement (CEMA), consolidating the May 22, 2006 note and the June 29, 2007 note, and their underlying mortgages, for a new principal amount owing of $540,000.
The copy of the May 22, 2006 note submitted with the moving papers is followed by a purported allonge, made out to the order of the plaintiff and signed by Carol Hollman, vice-president of Delta Funding Corporation. There is no allonge attached to either the June 29, 2007 note or the June 29, 2007 CEMA.
In support of its motion, plaintiff annexes the affidavit of Denise V. Lundquist, contract management coordinator of Ocwen Loan Servicing, LLC, purported attorney-in-fact for plaintiff, and servicer of the loan. Lundquist attests that, based on her review of Ocwen’s servicing records, plaintiff owns the note and mortgage. She attests that based upon “her own knowledge,” plaintiff owned the note and mortgage at the time the action was commenced.
Defendant, in her answer, denied that plaintiff is the owner of the note and mortgage. Defendant’s affirmative defenses include that plaintiff lacks standing to bring this action and that plaintiff failed to serve a 90-day notice pursuant to RPAPL 1304.
Arguments
Plaintiff argues that defendant’s answer should be stricken and that plaintiff has standing because it was assigned the mortgage pursuant to an assignment by Mortgage Electronic Registration Systems, Inc. (MERS), as nominee of Delta Funding Corporation, dated January 25, 2011. Plaintiff also asserts that it was in possession of the notes at the time the action was commenced.
It argues that because defendant defaulted on the promissory notes that were secured by mortgages on the property located *432 at 9015 Avenue K, Brooklyn, New York, plaintiff is entitled to foreclose on the security interest.
Defendant argues that plaintiff has no standing to bring this action as it has not shown that it was the holder of the mortgages and the notes at the time the action was commenced. Defendant contends that plaintiff was never assigned the notes, and that the notes were not negotiated to it as the purported allonge does not comport with UCC 3-202 (2), which requires an allonge to be firmly affixed to the note. Defendant also argues that plaintiff has not provided proof of service of the 90-day notice.
Analysis
“A plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note prior to commencement of the action with the filing of the complaint. Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief. Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.” (GRP Loan, LLC v Taylor, 95 AD3d 1172, 1173 [2d Dept 2012] [internal quotation marks and citations omitted].)
The assignment of the mortgage, which plaintiff relies on to demonstrate ownership of the note, is insufficient because on its face it only assigns the mortgage. It does not include an assignment of the notes or the underlying debt. Further, it includes no evidence that Delta Funding Corporation authorized MERS, as nominee, to assign the mortgage. Thus, the assignment cannot establish plaintiffs standing. (Bank of N.Y. v Silverberg, 86 AD3d 274 [2d Dept 2011]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95 [2d Dept 2011].)
Plaintiff has also failed to establish that the note was negotiated to it prior to commencement of this action.
Negotiation requires physical delivery of a note, endorsed either specifically to the party or endorsed in blank. (UCC 3-202 [1]; 3-204 [2].) The endorsement must be made either on the face of the note or on an allonge so firmly affixed to the note as to become a part thereof. (UCC 3-202 [2].)
Plaintiff has submitted, in support of its motion, copies of the two notes and the CEMA.
*433 The two notes and CEMA are all between defendant and Delta Funding Corporation, and none contains an endorsement on its face.
Immediately following the copy of the May 22, 2006 note is an undated allonge, on a separate sheet of paper, with a specific endorsement by Delta Funding Corporation to plaintiff. However, the allonge references loan #0103451001 which is the number of the June 29, 2007 note, not the May 22, 2006 note. This discrepancy is sufficient to raise a question of fact as to whether the purported allonge was firmly affixed to the 2006 note.
Further there is no evidence of endorsement of either the second note or the CEMA.
Plaintiff alleges that the CEMA combines the two notes and “accordingly the allonge would transfer both notes.”
This argument is analogous to that made by the plaintiff in Aurora Loan Servs., LLC v Weisblum (85 AD3d 95 [2d Dept 2011]). In Aurora, there were two notes and mortgages consolidated by a CEMA. Aurora argued that an assignment of the first note and mortgage effected an assignment of the second note and consolidated note. The Second Department rejected that argument, noting that Aurora produced no documentation of assignment of the second note or the CEMA. (Id. at 109.) The argument that an allonge, even if firmly attached to the first note, can effect a negotiation of the second note or CEMA is less sound than the argument that an assignment of one note can effect the assignment of a consolidated note.
Plaintiffs argument ignores the rationale for the requirement that an allonge be firmly affixed to the note it endorses. Further, it is inconsistent with a promissory note’s function as a negotiable instrument. The prime characteristic of a negotiable instrument is that it can be negotiated based on physical delivery and endorsement, and a buyer of the note can rely on its enforcement without resort to additional documentation.
Plaintiff’s argument that defendant’s objection to applying one allonge to two notes “puts form over fact” misses the fact that the rights and obligations connected to a negotiable instrument derive from its form, and are inextricably dependent on it.
Additionally, plaintiff has failed to offer evidence in admissible form that the notes were physically delivered to them before commencement of the action. The affidavit by Lundquist, which merely asserts in a conclusory fashion that plaintiff owns *434 the mortgage and note, is insufficient as the “affiant failed to give any factual detail of a physical delivery of both the consolidated note and the CEMA.” (Aurora at 109.)
Plaintiff also argues that the pooling and servicing agreement (PSA) “categorically proves” physical possession of the note. However, the PSA does not state that the notes or CEMA have in fact been physically delivered to the plaintiff. Further, the PSA does not address whether the notes were endorsed to plaintiff or whether the purported allonge was firmly affixed to either note or CEMA.
As there still remain questions of fact as to whether the notes and CEMA were negotiated or transferred to plaintiff before commencement of the action, summary judgment dismissing defendant’s affirmative defense of lack of standing is inappropriate.
RPAPL 1304
Defendant raised as a fourth affirmative defense that plaintiff failed to serve a 90-day notice required by RPAPL 1304 as a condition precedent to commencing a foreclosure action.
While plaintiff provides a copy of the 90-day notice, it does not provide an affidavit of mailing of the notice.
In her affidavit, Lundquist states that the notice was sent by first-class mail and certified mail. However, no mailing receipt or other business record on which she bases her statement is either identified or appended.
While service by mail is complete upon deposit of a properly stamped and addressed envelope, and presumed to be received, there still must be evidence that a properly stamped and addressed envelope was mailed.
As plaintiff has not provided proof in admissible form that the 90-day notice was mailed, it has not met its burden for summary judgment. (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95 [2d Dept 2011].)
Wherefore plaintiff’s motion for summary judgment striking defendant’s answer and dismissing her affirmative defenses is denied.