■ Elias Tsionis et al., Respondents, v Eriora Corp. et al., Defendants, and Soo I Yong, Appellant. [998 NYS2d 117]—

In an action to foreclose a mortgage, the defendant Soo I Yong appeals (1) from an amended order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated March 6, 2012, which, in effect, granted the plaintiffs' ex parte motion for leave to enter a default judgment of foreclosure, and thereupon, inter alia, fixed the amounts due and owing under a primary mortgage held by the plaintiffs, determined that the defendant Soo I Yong held an invalid second mortgage and was barred from redeeming any interest in the subject premises, and directed that the premises be sold for the benefit of the plaintiffs with any surplus amounts to be recovered by the defendant Eriora Corp., and (2), as limited by his brief, from so much of an order of the same court dated September 24, 2012, as denied that branch of his motion which was to vacate the amended order dated March 6, 2012.

Ordered that the appeal from the amended order dated March 6, 2012, is dismissed, as no appeal lies from an order issued ex parte (*see* CPLR 5701 [a] [2]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545 [2005]); and it is further,

Ordered that the order dated September 24, 2012, is reversed insofar as appealed from, on the law, and that branch of the mo-

tion of the defendant Soo I Yong which was to vacate the amended order dated March 6, 2012, is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Soo I Yong.

This mortgage foreclosure action involves commercial property located in Tappan, New York. In the complaint, the plaintiffs alleged that the defendant mortgagor, Eriora Corp. (hereinafter Eriora), defaulted on the mortgage loan issued to it by the plaintiffs. The plaintiffs also named Soo I Young (hereinafter the appellant) as a defendant in the action, alleging that he held a second mortgage on the subject premises. The complaint alleged that the plaintiffs' primary note and mortgage contained no prepayment penalty and the plaintiffs sought a judgment of foreclosure and sale.

The plaintiffs moved, ex parte, for leave to enter a default judgment of foreclosure on the basis that none of the defendants had appeared or answered the complaint. By amended order dated March 6, 2012, the Supreme Court, in effect, granted the plaintiffs' motion for leave to enter a default judgment, and thereupon, inter alia, fixed the amounts due and owing on the primary mortgage issued by the plaintiffs, determined that the appellant held an invalid second mortgage and was barred from redeeming any interest in the subject premises, and directed that the premises be sold for the benefit of the plaintiffs with any surplus amounts to be recovered by Eriora.

The appellant moved, among other things, to vacate the amended order. He argued, inter alia, that he had appeared in the action but did not receive notice of any of the subsequent proceedings, including the plaintiffs' motion for leave to enter a default judgment. The appellant contended that the amended order erroneously stated that he had not made an appearance and granted relief to the plaintiffs that exceeded the relief sought in the complaint. The appellant also argued that he had a valid second mortgage and that he was entitled to any surplus funds resulting from a foreclosure sale. The Supreme Court denied that branch of the appellant's motion which was to vacate the amended order. This was error.

CPLR 320 (a) provides that a defendant may appear in an action in one of three ways: (1) by serving an answer, (2) by serving a notice of appearance, or (3) by making a motion which has the effect of extending the time to answer (see USF&G v Maggiore, 299 AD2d 341, 342 [2002]). Here, the appellant appeared in the action by timely serving his notice of appearance upon the plaintiffs (see CPLR 320 [a]) and, therefore, there was no default.

Contrary to the plaintiffs' contention, the appellant was not required to serve an answer where the complaint did not set forth any allegations that the appellant was required to defend against (*see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C320:1 at 130; 2-R320 Weinstein-Korn-Miller, NY Civ Prac ¶ 320.03). "A defendant who has no defense, and therefore serves no pleading, might nevertheless serve a notice of appearance so as to be kept apprised of the progress of the proceeding" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B, CPLR C320:1 at 130). Such was the situation here. The complaint contained no allegations about the appellant, except to state that he had a second mortgage on the property. Thus, the appellant properly proceeded by serving a notice of appearance only and was entitled to be kept apprised of the proceedings.

Contrary to the plaintiffs' further contention, the appellant was not required to file his notice of appearance with the Supreme Court. There is no statutory or other requirement that a notice of appearance, timely served upon a plaintiff, must also be filed with the clerk of the relevant court in order for a defendant to appear in the action (*cf. Goonan v New York City Tr. Auth.*, 74 AD3d 747, 748 [2010]). Moreover, since the appellant did not have proper notice that this action was e-filed, it was appropriate for the appellant to serve the notice of appearance on the plaintiffs without e-filing it (*cf.* 22 NYCRR 202.5-bb).

The appellant also correctly argues that the relief granted to the plaintiffs in the amended order improperly exceeded the relief sought in the complaint (*see* CPLR 3215 [b]). In addition to determining that the appellant did not have a valid second mortgage, which was not alleged in the complaint, the amended order awarded the plaintiffs a prepayment penalty as part of the amount due and owing under the primary mortgage. The complaint, however, alleged that there was no prepayment penalty. Under these circumstances, the Supreme Court should have granted that branch of the appellant's motion which was to vacate the amended order. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.