In an action to foreclose a mortgage, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated March 7, 2016, as denied that branch of its motion which was for an order of reference, and (2) from an order of the same court, also dated March 7, 2016, which granted the motion of the defendant Capital Equity Management, LLC, pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it and, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against the remaining defendants.
 

 Ordered that the first order dated March 7, 2016, is reversed insofar as appealed from, on the law, and that branch of the plaintiff’s motion which was for an order of reference is granted; and it is further,
 

 Ordered that on the Court’s own motion, the notice of appeal from so much of the second order dated March 7, 2016, as, sua sponte, in effect, directed dismissal of the complaint insofar as asserted against all of the defendants except the defendant Capital Equity Management, LLC, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the second order dated March 7, 2016, is reversed, on the law, and the motion of the defendant Capital Equity Management, LLC, pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it is denied; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 On or about March 2, 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Adebayo E. Adeosun-Ayegbusi (hereinafter the individual defendant) and Capital Equity Management, LLC (hereinafter Capital). Capital was named in the action as a possible subordinate lien holder. On or about January 27, 2015, the plaintiff moved, inter alia, for an order of reference. On or about January 29, 2015, Capital moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it.
 

 By order dated March 7, 2016, the Supreme Court denied the plaintiff’s motion. We reverse the order insofar as appealed from. The plaintiff established its entitlement to an order of reference based on its submission of the mortgage, the unpaid note, the complaint, other proof setting forth the facts establishing the claim, an affidavit of an individual authorized to act on its behalf attesting to the default on the note, and proof that the defendants failed to answer within the time allowed (see RPAPL 1321; John T Walsh Enters., LLC v Jordan, 152 AD3d 755, 756 [2017]; LaSalle Bank N.A. v Jagoo, 147 AD3d 746, 746 [2017]; US Bank N.A. v Singer, 145 AD3d 1057, 1058 [2016]). Accordingly, the Supreme Court erred in denying that branch of the plaintiffs motion which was for an order of reference.
 

 The Supreme Court also erred in granting Capital’s motion to dismiss the complaint insofar as asserted against it and by, in effect, directing dismissal of the complaint against the remaining defendants pursuant to CPLR 3215 (c). CPLR 3215 (c) provides that “[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed” (see HSBC Bank USA, N.A. v Traore, 139 AD3d 1009, 1010 [2016]). “CPLR 320 (a) provides that a defendant may appear in an action in one of three ways: (1) by serving an answer, (2) by serving a notice of appearance, or (3) by making a motion which has the effect of extending the time to answer” (Tsionis v Eriora Corp., 123 AD3d 694, 695 [2014]). Here, Capital appeared in the action by timely serving its notice of appearance upon the plaintiff and, therefore, there was no default (see id. at 695).
 

 We do not reach the individual defendant’s contention that the appeal must be dismissed as untimely taken as he did not move to dismiss the appeal on this ground.
 

 Leventhal, J.P., Austin, Maltese and Iannacci, JJ., concur.