US Bank N.A. v Ashraf (2019 NY Slip Op 02742)





US Bank N.A. v Ashraf


2019 NY Slip Op 02742


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-12118
 (Index No. 13930/09)

[*1]US Bank National Association, etc., respondent,
v
Salma Ashraf, appellant, et al., defendants.


Law Office of Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Reed Smith LLP, New York, NY (Zalika T. Pierre, Andrew B. Messite, and Jennifer Neuner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Salma Ashraf appeals from an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated May 15, 2015. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an order of reference upon the failure of the defendant Salma Ashraf to appear or answer the complaint, and denied that defendant's cross motion pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action in April 2009 against Salma Ashraf (hereinafter the defendant), among others, alleging that she defaulted in making payments under a note secured by the subject mortgage. After the defendant failed to appear or answer the complaint, the plaintiff moved, inter alia, for an order of reference. The defendant opposed the motion and cross-moved pursuant to CPLR 3012(d) for leave to serve a late answer. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
The plaintiff established its entitlement to an order of reference based on its submission of the mortgage, the unpaid note, the complaint and other evidence setting forth the facts establishing the claim, an affidavit of an individual authorized to act on its behalf attesting to the default on the note, and evidence that the defendant failed to answer within the time allowed (see RPAPL 1321; Citimortgage, Inc. v Gill, 165 AD3d 623; Household Fin. Realty Corp of N.Y. v Adeosun-Ayegbusi, 156 AD3d 870).
To successfully oppose a facially adequate motion for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action (see Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026-1027). Since the defendant failed to demonstrate the existence of a reasonable excuse for her delay in answering the complaint (see Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 858), the Supreme Court was not required to determine whether the defendant presented a potentially meritorious defense, including failure to comply with RPAPL 1304 [*2](see Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1027; HSBC Bank USA, N.A. v Daniels, 163 AD3d 639, 641; EMC Mtge. Corp. v Asturizaga, 150 AD3d 824, 826; see also HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; U.S. Bank N.A. v Carey, 137 AD3d 894, 896; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for an order of reference and to deny the defendant's cross motion for leave to serve a late answer.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court