Tri-State Loan Acquisitions III, LLC v Litkowski (2019 NY Slip Op 03398)





Tri-State Loan Acquisitions III, LLC v Litkowski


2019 NY Slip Op 03398


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2016-04925
2017-06883
2017-06884
 (Index No. 33977/11)

[*1]Tri-State Loan Acquisitions III, LLC, respondent,
v
Caren Litkowski, et al., appellants, et al., defendants.


Jeremy Rosenberg, New York, NY, for appellants.
Teitelbaum Law Group, LLC, White Plains, NY (Jay Teitelbaum of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Caren Litkowski and Nathan Litkowski, also known as Nathan Litchkowsky, appeal from (1) an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated March 29, 2016, (2) an order of the same court dated May 5, 2017, and (3) a judgment of foreclosure and sale of the same court, also dated May 5, 2017. The order dated March 29, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Caren Litkowski and Nathan Litkowski, also known as Nathan Litchkowsky, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order dated May 5, 2017, insofar as appealed from, granted that branch of the plaintiff's subsequent motion which was for a judgment of foreclosure and sale. The judgment of foreclosure and sale is in favor of the plaintiff and against the defendants directing the foreclosure sale of the subject property.



DECISION & ORDER
Separate motions by the plaintiff on appeals from (1) an order of the Supreme Court, Rockland County, dated March 29, 2016, (2) an order of the same court dated May 5, 2017, and (3) a judgment of foreclosure and sale of the same court, also dated May 5, 2017, inter alia, to amend the caption and to dismiss the appeal from the order dated March 29, 2016, on the ground that the right of direct appeal from that order terminated upon entry of the judgment. By decisions and orders on motions of this Court dated May 15, 2017, and March 19, 2018, that branch of the motion which is to amend the caption and the motion to dismiss the appeal from the order dated March 29, 2016, were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to amend the caption is granted, and the caption is amended as set forth above; and it is further,
ORDERED that the motion to dismiss the appeal from the order dated March 29, 2016, is granted; and it is further,
ORDERED that the appeal from the order dated March 29, 2016, is dismissed; and it is further,
ORDERED that on the Court's own motion, the appeal from the order dated May 5, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Caren Litkowski and Nathan Litkowski, also known as Nathan Litchkowsky, and for an order of reference are denied, that branch of the plaintiff's subsequent motion which was for a judgment of foreclosure and sale is denied, and the orders dated March 29, 2016, and May 5, 2017, are modified accordingly.
The appeals from the orders dated March 29, 2016, and May 5, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The defendant Caren Litkowski executed a promissory note dated October 18, 2006, in the sum of $620,000 in favor of Countrywide Bank, N.A. (hereinafter Countrywide Bank). The note was secured by a mortgage on residential property located in Monsey. On December 1, 2011, Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans Servicing LP (hereinafter Bank of America), commenced this action to foreclose the mortgage against, among others, Caren Litkowski and the defendant Nathan Litkowski, also known as Nathan Litchkowsky (hereinafter together the defendants). The defendants served an answer in which they asserted several affirmative defenses, including Bank of America's lack of standing. Thereafter, Tri-State Loan Acquisitions III, LLC (hereinafter the plaintiff), moved, inter alia, to be substituted as the plaintiff in the action and to amend the caption accordingly, for summary judgment on the complaint insofar as asserted against the defendants, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated March 29, 2016, the Supreme Court granted those branches of the plaintiff's motion and denied the defendants' cross motion. In an order dated May 5, 2017, the court, inter alia, granted that branch of the plaintiff's subsequent motion which was for a judgment of foreclosure and sale. By judgment of foreclosure and sale dated May 5, 2017, the court directed the foreclosure sale of the subject property. The defendants appeal from both orders and the judgment of foreclosure and sale.
In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001). On its motion for summary judgment, the plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law (see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739).
Here, the affidavit of Dong Kil Choi (hereinafter Choi), a vice president of the plaintiff, submitted in support of the plaintiff's motion, failed to establish the defendants' default in payment under the note (cf. Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296). Choi stated in his affidavit that the mortgage was not assigned to the plaintiff until November 2014, almost three years after Bank of America commenced this action on December 1, 2011. Although "the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records, such records are nonetheless admissible if the recipient can establish personal knowledge of the maker's [*2]business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739 [internal quotation marks omitted]; see People v Cratsley, 86 NY2d 81, 90-91; Bank of N.Y. Mellon v Gordon, _____ AD3d _____, 2019 NY Slip Op 02306, *2-3 [2d Dept 2019]; Bank of Am., N.A. v Brannon, 156 AD3d at 8; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d at 1296). While Choi averred, inter alia, that his affidavit was based on books and records maintained by the plaintiff, he did not state that Bank of America's records were provided to the plaintiff and incorporated into the plaintiff's own records, or that the plaintiff routinely relied upon such records in its business, or that he had personal knowledge of Bank of America's business practices and procedures. Thus, he failed to lay the proper foundation for admission of these records (see People v Cratsley, 86 NY2d at 90-91; Bank of Am., N.A. v Brannon, 156 AD3d at 8; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739; State of New York v 158th St. & Riverside Dr. Hous. Co. Inc., 100 AD3d at 1296). The affidavit and documents submitted by the plaintiff for the first time in reply to the defendants' opposition could not be used to satisfy the plaintiff's prima facie burden (see Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 944; cf. Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664). Inasmuch as the motion was based on evidence that was not in admissible form, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law and that branch of the motion which was for summary judgment on the complaint insofar as asserted against the defendants should have been denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Because the plaintiff failed to establish the defendants' default in payment under the note, the plaintiff also failed to establish its entitlement to an order of reference and for a judgment of foreclosure and sale (see generally Household Fin. Realty Corp. of N.Y. v Adeosun-Ayegbusi, 156 AD3d 870, 871; John T. Walsh Enters., LLC v Jordan, 152 AD3d 755, 756; Loancare v Carter, 139 AD3d 817, 818).
We agree with the Supreme Court's denial of the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of standing. The defendants failed to establish their prima facie entitlement to judgment as a matter of law, as their submissions did not demonstrate that Bank of America lacked standing to commence the action (see U.S. Bank N.A. v Handler, 140 AD3d 948, 950).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court