U.S. Bank N.A. v Laino (2019 NY Slip Op 03647)





U.S. Bank N.A. v Laino


2019 NY Slip Op 03647


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-01264
 (Index No. 378/10)

[*1]U.S. Bank National Association, etc., respondent,
v
Luis Laino, appellant, et al., defendants.


Elliot S. Schlissel, Lynbook, NY (Andrea E. Miller of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Laurence P. Chirch and William C. Sandelands of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Luis Laino appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 4, 2015. The order granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Luis Laino and for the appointment of a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed, on the law, with costs, and those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant Luis Laino and for the appointment of a referee to compute the amount due to the plaintiff are denied.
On May 12, 2006, the defendant Luis Laino (hereinafter the defendant) executed a note in the sum of $797,600, which was secured by a mortgage on property that he owned in Glen Head. After the defendant allegedly defaulted on his mortgage payments, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer and, after obtaining new legal representation, moved, inter alia, for leave to amend his answer to assert the affirmative defense of lack of standing. The Supreme Court granted that motion. Thereafter, the court granted those branches of the plaintiff's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant and for the appointment of a referee to compute the amount due to the plaintiff. The defendant appeals. We reverse.
" [A]n argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211(e)'" (U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724, quoting Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242; see US Bank N.A. v Nelson, 169 AD3d 100; JP Morgan Chase Bank, N.A. v Strands Hair Studio, LLC, 84 AD3d 1173, 1173). Defenses waived under CPLR 3211(e) can nevertheless be interposed in an answer amended by leave of court pursuant to CPLR 3025(b) (see HSBC Bank USA, NA v Halls, 136 AD3d 752, 753).
A plaintiff in a mortgage foreclosure action has standing where it is the holder or [*2]assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing as the holder or assignee of the note at the time it commenced the action (see Wells Fargo Bank, N.A. v Talley, 153 AD3d 583, 584; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852). On its renewed motion, the plaintiff submitted, inter alia, the affidavit of an employee of its loan servicer, who made no mention of the plaintiff's possession of the note at the time the action was commenced. The affidavit and documents submitted by the plaintiff for the first time in reply to the defendant's opposition could not be used to satisfy the plaintiff's prima facie burden (see Tri-State Loan Acquisitions III, LLC v Litkowski, __ AD3d __, __, 2019 NY Slip Op 03398, *2; Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 944; cf. Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664).
Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied the subject branches of its renewed motion without regard to the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendant's remaining contentions need not be reached in light of our determination.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court