Kelley v Garuda (2020 NY Slip Op 07180)





Kelley v Garuda


2020 NY Slip Op 07180


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2017-11420 
2017-11421
 (Index No. 7016/04)

[*1]Edward Kelley, etc., et al., respondents,
v
Aruna Garuda, etc., et al., defendants, Nikhil Gupta, etc., appellant; Board of Trustees of the International Society for Krishna Consciousness, Inc., et al., nonparty-appellants.


G. Oliver Koppell, New York, NY (Daniel F. Schreck of counsel), for appellant Nikhil Gupta, also known as Nimai Pandit Das.
Chittur Law Offices, P.C., Ossining, NY (Krishnan S. Chittur of counsel), for nonparty-appellants.
La Reddola, Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for respondent Edward Kelley, also known as Adarsi Das, and Stepanovich Law, PLLC, Nanuet, NY (John G. Stepanovich of counsel), for respondents International Society for Krishna Consciousness, Inc., and Governing Body Commission of the International Society for Krishna Consciousness (one brief filed).



DECISION & ORDER
In an action to enjoin an alleged trespass and usurpation of corporate authority, and for a judgment declaring the rights and interests of the respective parties in the temple of the plaintiff International Society for Krishna Consciousness, Inc., in Freeport, the defendant Nikhil Gupta, also known as Nimai Pandit Das, appeals, and nonparties Board of Trustees of the International Society for Krishna Consciousness, Inc., Charles Lee, also known as Raja Vidya Das, Balarama Das, Braj Aggarwal, Madhusudan R.S., and David Sbordoni separately appeal, from (1) an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated October 2, 2017, and (2) a judgment of the same court entered October 31, 2017. The order, after an inquest, inter alia, denied that branch of the motion of the defendant Nikhil Gupta, also known as Nimai Pandit Das, which was to vacate his default in answering the complaint. The judgment, upon the order, declared that possession of the subject temple be awarded to the plaintiffs and directed the issuance of a warrant of eviction.
ORDERED that the appeals of nonparties Board of Trustees of the International Society for Krishna Consciousness, Inc., Charles Lee, also known as Raja Vidya Das, Balarama Das, Braj Aggarwal, Madhusudan R.S., and David Sbordoni from the order and the judgment are dismissed; and it is further,
ORDERED that the appeal of the defendant Nikhil Gupta, also known as Nimai Pandit Das, from the order is dismissed; and it is further,
ORDERED that the judgment is reversed insofar as reviewed on the appeal by the defendant Nikhil Gupta, also known as Nimai Pandit Das, on the law and in the exercise of discretion, that branch of the motion of the defendant Nikhil Gupta, also known as Nimai Pandit Das, which was to vacate his default in answering the complaint is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nikhil Gupta, also known as Nimai Pandit Das.
As a threshold matter, nonparties Board of Trustees of the International Society for Krishna Consciousness, Inc., Charles Lee, also known as Raja Vidya Das, Balarama Das, Braj Aggarwal, Madhusudan R.S., and David Sbordoni (hereinafter collectively the nonparties), are not aggrieved by the order and the judgment, and lack standing to maintain these appeals (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144). The nonparties did not move in the Supreme Court to intervene in this action, notwithstanding that they had notice thereof, and their respective interests in the temple of the plaintiff International Society for Krishna Consciousness, Inc. (hereinafter ISKCON), are adequately represented by the defendant Nikhil Gupta, also known as Nimai Pandit Das (hereinafter the defendant), the purported president and trustee of ISKCON (see Weiss v Monaco, 245 AD2d 443, 443; cf Auerbach v Bennett, 64 AD2d 98, mod on other grounds 47 NY2d 619). Accordingly, we dismiss the nonparties' appeals from the order and the judgment.
The defendant's appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the defendant's appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
We disagree with the Supreme Court's determination to deny that branch of the defendant's motion which was to vacate his default in answering the complaint. "CPLR 320(a) provides that a defendant may appear in an action in one of three ways: (1) by serving an answer, (2) by serving a notice of appearance, or (3) making a motion which has the effect of extending the time to answer" (Tsionis v Eriora Corp., 123 AD3d 694, 695; see Household Fin. Realty Corp. of N.Y. v Adeosun-Ayegbusi, 156 AD3d 870, 871; USF & G. v Maggiore, 299 AD2d 341, 342). Here, the defendant appeared in the action in May 2008, when he, among others, moved pursuant to CPLR 3211(a) to dismiss the complaint, which extended his time to serve an answer (see CPLR 320[a]; 3211[f]). Although the defendant did not serve an answer to the complaint following the denial of his motion, the record demonstrates that the defendant actively participated in the litigation during the ensuing years and that the plaintiffs never moved for leave to enter a default judgment against him. Under these circumstances, it was an improvident exercise of discretion for the court to, sua sponte, deem the defendant to be in default (see City of Newburgh v 96 Broadway LLC, 72 AD3d 632, 633; see also USF & G v Maggiore, 299 AD2d 341, 343). Moreover, we discern no potential prejudice to the plaintiffs in permitting the defendant to adopt the answer and affirmative defenses of the original defendants to this action. Accordingly, the court should have granted that branch of the defendant's motion which was to vacate his default.
Nevertheless, we reject the defendant's additional contention that the plaintiffs' failure to join certain necessary parties required dismissal of this action. "CPLR 1001(a) provides that '[p]ersons . . . who might be inequitably affected by a judgment in the action' are necessary parties whose joinder is required" (Schwimmer v Welz, 56 AD3d 541, 544, quoting CPLR 1001[a]). "'When a person who should be joined under [CPLR 1001(a)] has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned'" (Schwimmer v Welz, 56 AD3d at 544, quoting CPLR 1001[b]; see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726). However, "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action" (CPLR 1018). "The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (Citicorp Mtge. v Adams, 153 AD3d 779, 780; see GRP Loan, LLC v Taylor, 95 AD3d 1172, 1174). Contrary to the defendant's [*2]contention, the Supreme Court did not improvidently exercise its discretion in permitting the plaintiffs to continue this action against the original defendants, despite any alleged changes to the composition of the purported board of trustees of ISKCON over the course of this 16-year litigation, in order to avoid any further unnecessary delays (see GRP Loan, LLC v Taylor, 95 AD3d at 1174; Bey v Flushing Hosp. Med. Ctr., 95 AD3d 1152, 1152).
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court