Deutsche Bank Natl. Trust Co. v Kavovit (2023 NY Slip Op 05248)

Deutsche Bank Natl. Trust Co. v Kavovit

2023 NY Slip Op 05248

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-01921
2021-01922
 (Index No. 611956/18)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Sheila Kavovit, etc., et al., defendants, Barbara R. Kavovit, etc., appellant.

Charles Wallshein Esq. PLLC, Melville, NY, for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barbara R. Kavovit appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated December 24, 2020. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Barbara R. Kavovit, to strike the affirmative defenses insofar as asserted by that defendant, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action to foreclose a mortgage on certain premises against the defendant Barbara R. Kavovit (hereinafter the defendant), among others. Thereafter, the plaintiff moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the defendant, to strike the affirmative defenses insofar as asserted by the defendant, and for an order of reference. The defendant opposed the motion, arguing that she was entitled to a mandatory settlement conference pursuant to CPLR 3408. In an order dated December 24, 2020, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order dated December 24, 2020, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the underlying mortgage, the unpaid note, and evidence of default (see Baron Assoc., LLC v Garcia Group Enters., Inc., 96 AD3d 793, 793; GRP Loan, LLC v Taylor, 95 AD3d 1172, 1173-1174). In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, she was not entitled to a mandatory settlement conference pursuant to CPLR 3408 under the circumstances of this case. After the defendant and another person obtained the mortgage loan, the defendant deeded her interest in the premises to the other person, the other person [*2]became the 100% fee owner of the premises, the other person was the record owner of the premises at the time of his death in June 2013, and the defendant was not a party to a loan modification agreement made in 2012 (see id.; see also M & T Bank v Improta, 61 Misc 3d 746, 749-750 [Sup Ct, Suffolk County]).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant, to strike the affirmative defenses insofar as asserted by the defendant, and for an order of reference.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court