T. J. BETTES COMPANY, Respondent, *v.* SOUTH FALLS CORPORATION et al., Defendants; NORTHWAY PRE-STRESS CORP. et al., Appellants; NEW AMSTERDAM CASUALTY COMPANY, Intervenor-Appellant.

Third Department, November 1, 1967.

*Alfred Schleider* (*John L. Bell* of counsel), for intervenor-appellant.

*Javits Trubin Sillcocks Edelman & Purcell* (*Edward A. Manuel* of counsel), for respondent.

HERLIHY, J. P. This action was commenced by the plaintiff to foreclose a mortgage upon certain real property located in the Town of Plattsburgh, New York.

On June 5, 1962 South Falls Corporation entered into an agreement, as the owner of the subject property, with L. A. Peterson, Inc., as contractor for the construction of certain improvements on the subject property. Also on June 5, 1962 L. A. Peterson, Inc., as principal and the intervenor as surety, executed a labor and material payment bond in the amount of $750,000 to guarantee such payments in favor of the plaintiff company and South Falls as obligees.

On June 18, 1962 South Falls executed and delivered a building loan mortgage to the plaintiff on the subject real property and said mortgage was duly filed in the Clinton County Clerk's office. It is this mortgage which the plaintiff seeks to foreclose. After the execution of the bond and the mortgage, various subcontractors, laborers and material men performed work, labor and services and furnished materials on the Plattsburgh construction for which they were never fully paid by L. A. Peterson, Inc., and they duly filed mechanics' liens on the mortgaged property. These lienors are listed as the defendants-appellants in the title of this proceeding. After the commencement of the instant action, the intervenor paid or otherwise settled the claims of the lienors and received assignments from them of their liens and all causes of action with respect to the Plattsburgh construction.

After receiving such assignments the intervenor moved to be substituted as defendant for the lienors and/or to intervene and to serve an answer in this action. The plaintiff moved for partial summary judgment.

The primary issue asserted here is whether or not the intervenor could as obligor on the surety bond acquire the rights of the lienors by assignment as against the plaintiff-obligee.

It is well established that a surety may not acquire any rights by subrogation to the detriment of an obligee of the bond and this is conceded by the intervenor. (See *Bell* v. *Greenwood*, 229 App. Div. 550, 552, 553.) The case of *Bell* v. *Greenwood* (*supra*) involved an assignment of a claim to a surety. The

court, however, made no distinction between an assignment or subrogation and it appears that the surety was relying upon its rights of subrogation. "The doctrine of subrogation is of equitable origin and does not rest upon any right acquired by contract but simply upon the equitable principle that substantial justice should be attained regardless of form, so that the person primarily liable should be compelled, ultimately, to pay the debt, even though it require the substitution of one creditor for another in order to accomplish this result; but this doctrine can never be invoked against one whose equities are equal or superior to those of the party seeking to be subrogated." (*Bell* v. *Greenwood,* 229 App. Div. 550, 552.)

An action to foreclose a mortgage is an equitable action. (*Jamaica Sav. Bank* v. *M. S. Investing Co.,* 274 N. Y. 215, 219; *Blomgren* v. *Tinton 763 Corp.,* 18 A D 2d 979, 980.) In the present posture of this case it is apparent that the lienors no longer have any interest in the proceedings since they have been paid and thus, the issue asserted as to intervention or substitution is whether or not the intervenor has acquired any rights by virtue of the assignments as against its obligee.

It is to be noted that if the liens had been assigned to anyone other than the intervenor, then the liens would be superior to the plaintiff's mortgage if there was any fund subject thereto. The plaintiff contends that since the intervenor had a duty to pay the lienors, and to protect the plaintiff from such liens, then the intervenor has no right to assert a superior lien since such would destroy the protection declared by the bond. The intervenor admits the validity of the plaintiff's contention, but asserts that in fact it was not obligated to the plaintiff to protect it against those liens because the fraudulent acts of the plaintiff were responsible for the incurring of such liens.

Whether or not the intervenor acquired any rights under the assignments or by virtue of subrogation, it appears from the record that in fact there has been a transfer of interest from the lienors to the intervenor and in the exercise of its discretion Special Term should have ordered the intervenor substituted in the action. (CPLR 1018.) After such substitution the trial court can consider the merits of any issues which may properly be raised by the plaintiff as to the validity of such assignments and/or the equities of subrogation.

As to intervention, it is apparent that the ground for intervention urged by the intervenor is that the foreclosure involves the disposition of the subject property (CPLR 1012, subd. [a], par. 3), but that substitution will preserve all of its rights

as an assignee. The appellant New Amsterdam is not entitled to intervene.

The granting of plaintiff's motion for partial summary judgment as against the lienors herein was apparently based on the fact that their liens had been satisfied. Such a finding does not reach the question of what rights the intervenor may have acquired against the plaintiff by the transfer of interest from the lienors.

We do not upon this appeal make any determination as to the merits or efficacy of the liens, but simply hold that the assignee of the lienors should have been substituted for its assignors in the proceeding.

It appears that Special Term has not passed on the question of whether the intervenor should be permitted to serve and file an amended answer, but that portion of its motion may be renewed at Special Term.

The order should be reversed, on the law and the facts and in the exercise of discretion, with costs, and the motion of New Amsterdam Casualty Company to be substituted granted, without prejudice to an application to Special Term on notice for permission to serve and file an amended answer.

REYNOLDS, AULISI, STALEY, JR., and GABRIELLI, JJ., concur.

Order reversed, on the law and the facts and in the exercise of discretion, with costs, and motion of New Amsterdam Casualty Company to be substituted granted without prejudice to an an application to Special Term on notice for permission to serve and file an amended answer.