■ BRIGHTON BK, LLC, Respondent, v VALENTINA KURBATSKY, as Trustee of the 3072 BRIGHTON FIRST STREET RESIDENCE TRUST, Appellant, et al., Defendants. [17 NYS3d 137]—

In an action to foreclose a mortgage, the defendant Valentina Kurbatsky, as trustee of the 3072 Brighton First Street Residence Trust, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Pfau, J.), dated September 4, 2013, as granted the motion of Brighton BK, LLC, to amend the caption, inter alia, to substitute itself as the plaintiff, for summary judgment on the complaint, and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2007, the defendant Valentina Kurbatsky, as trustee of the 3072 Brighton First Street Residence Trust (hereinfter the defendant), executed a note in the amount of $300,000 in favor of Dime Savings Bank of Williamsburgh (hereinafter Dime), and delivered to Dime a mortgage on certain real property in Brooklyn to secure repayment of the note. The defendant allegedly defaulted on September 1, 2011, by failing to pay the sum of $5,509, and no payments were made thereafter. Dime commenced this action to foreclose the mortgage on March 7, 2012, by filing a summons and complaint verified by a first vice president of Dime, based upon his personal knowledge and books and records maintained by Dime. The verified complaint stated that the default occurred on September 1, 2011.

On April 30, 2012, Dime assigned its interest in the mortgage and note to Brighton BK, LLC (hereinafter Brighton). By notice of motion dated January 31, 2013, Brighton moved to amend the caption, inter alia, to substitute itself as the plaintiff, for summary judgment on the complaint, and for an order of reference.

In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *US Bank N.A. v Cange*, 96 AD3d 825, 826 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274,

279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]). In the event that a note and mortgage are validly assigned to a third party subsequent to the commencement of a foreclosure action, as was the case here, the assignee can continue an action in the name of the original mortgagee, even in the absence of a formal substitution (*see* CPLR 1018; *Lincoln Sav. Bank, FSB v Wynn*, 7 AD3d 760 [2004]; *Central Fed. Sav. v 405 W. 45th St.*, 242 AD2d 512 [1997]). Nonetheless, an assignee may, if it chooses, take the steps necessary to effect a formal substitution.

Upon proof that the mortgage and the underlying debt was assigned by Dime to Brighton, the Supreme Court providently exercised its discretion in granting that branch of Brighton's motion which was to amend the caption to substitute it for Dime (*see* CPLR 1018; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 983 [2011]; *Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan*, 67 AD3d 750, 751 [2009]).

A plaintiff seeking summary judgment in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default, by proof in admissible form (*see* CPLR 3212 [b]; *US Bank N.A. v Madero*, 125 AD3d 757, 758 [2015]; *W & H Equities LLC v Odums*, 113 AD3d 840, 841 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]; *Wells Fargo Bank, N.A. v Webster*, 61 AD3d 856, 856 [2009]). Here, Brighton met that burden by producing the relevant documents, an affidavit from a member of Brighton which attested to the defendant's default, which "continues to the date hereof," based upon his personal knowledge and upon a review of the books and records of Brighton maintained in the regular course of business, and the complaint verified by an officer of Dime, the original plaintiff, based upon personal knowledge and the books and records of Dime (*see Kempf v Magida*, 37 AD3d 763 [2007]; *Lebar Constr. Corp. v HRH Constr. Corp.*, 292 AD2d 506, 507 [2002]; CPLR 105 [u]). In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the motion to amend the caption, inter alia, to substitute Brighton as the plaintiff, for summary judgment on the complaint, and for an order of reference, was properly granted. Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.