■ WASHINGTON MUTUAL BANK, Formerly Known as WASHINGTON MUTUAL BANK, FA, Appellant, v LIBBY NUSSEN et al., Respondents, et al., Defendants. [29 NYS3d 522]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated October 10, 2013, as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against the defendants Libby Nussen and Isaac Nussen and, in effect, denied those branches of its motion which were to strike the answer of those defendants, for an order of reference, and to substitute JPMorgan Chase Bank, National Association, as the plaintiff in this action and amend the caption accordingly nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Libby Nussen and Isaac Nussen, to strike the answer of those defendants, for an order of reference, and to substitute JPMorgan Chase Bank, National Association, as the plaintiff in this action and amend the caption accordingly nunc pro tunc are granted, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings, including the amendment of the caption in accordance herewith.

In 2003, the defendants Libby Nussen and Isaac Nussen (hereinafter together the respondents) obtained a residential mortgage loan from the plaintiff, Washington Mutual Bank, formerly known as Washington Mutual Bank, FA, in the principal sum of $1,162,500. In 2007, the respondents defaulted on the loan. The plaintiff sent the respondents notice of their default, but the respondents did not cure the default. In July 2007, the plaintiff commenced this foreclosure action.

Based upon the understanding that all of the defendants had defaulted, the plaintiff successfully moved for an order of reference. In January 2008, a judgment of foreclosure and sale was entered. However, about one month later, the respondents advised the plaintiff that they had in fact filed a late answer. On March 13, 2008, the plaintiff agreed to "voluntarily vacate" the prior order of reference and judgment of foreclosure and sale and accept the respondents' late answer.

On or about September 25, 2008, after the plaintiff entered receivership by the Federal Deposit Insurance Corporation, JPMorgan Chase Bank, National Association (hereinafter Chase Bank), acquired all of the plaintiff's loans and loan commitments (*see JP Morgan Chase Bank, N.A. v Schott*, 130 AD3d 875 [2015]).

In June 2009, the plaintiff moved to vacate the prior order of reference and judgment of foreclosure and sale, for summary judgment on the complaint, and for a new order of reference. On September 10, 2009, the Supreme Court reserved decision on the motion pending a conference to address the respondents' contention that the parties agreed to a loan modification. Settlement conferences were held in October 2009, April 2010, and May 2010. On October 8, 2010, the plaintiff withdrew the motion.

On or about May 21, 2013, when the plaintiff was represented by different counsel, it filed the subject motion seeking, among other things, (a) to vacate the prior order of reference and judgment of foreclosure and sale; (b) summary judgment on the complaint insofar as asserted against the respondents, to strike their answer, and for an order of reference; and (c) to substitute JPMorgan Chase Bank, National Association (hereinafter Chase Bank), as the plaintiff and amend the caption accordingly nunc pro tunc. In support of its motion, the plaintiff submitted, among other things, an "affidavit of merit" executed by a vice president at Chase Bank, the note, the mortgage, and the notice of default. The respondents opposed the motion, arguing that there was a triable issue of fact as to whether the parties had reached a loan modification agreement.

The Supreme Court granted that branch of the motion which was to vacate the prior order of reference and judgment of foreclosure and sale, denied that branch of the motion which was for summary judgment on the complaint insofar as asserted against the respondents, and, in effect, denied those branches of the plaintiff's motion which were to strike the respondents' answer, for an order of reference, and to substitute

Chase Bank as the plaintiff and amend the caption accordingly. The plaintiff appeals, and we reverse.

The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the note, and evidence of default (see *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1206-1207 [2015]; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895, 895 [2013]). Contrary to the Supreme Court's determination, we conclude that the respondents failed to raise a triable issue of fact as to whether the parties entered into a loan modification agreement. The respondents did not submit a signed writing reflecting any such agreement or evidence of any regular payments since 2007. Moreover, in an affidavit, Libby Nussen admitted that, although there had been discussions about a possible loan modification, the parties never reached an agreement.

Although the respondents submitted a bank check in the amount of $25,000 which allegedly reflected a one-time payment to the plaintiff in 2007, this payment, by itself, does not constitute evidence of a loan modification agreement (see *generally Wells Fargo Bank, N.A. v Meyers*, 108 AD3d 9 [2013]). Additionally, the respondents submitted evidence that, in 2008, they placed $35,000 in a short-term certificate of deposit at the plaintiff's request. However, they did not show that those funds were ever transferred to the plaintiff.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the respondents, to strike the respondents' answer, and for an order of reference.

Further, with regard to that branch of the motion which was to substitute Chase Bank as the plaintiff, there is no dispute that the plaintiff has ceased operations and, at the time the instant motion was decided, Chase Bank was the holder of the note and mortgage. The court recognized this insofar as it described the moving party as Chase Bank, "as assignee of Plaintiff." Under these circumstances, the court, in the exercise of its discretion, should have granted that branch of the plaintiff's motion which was to substitute Chase Bank as the plaintiff and amend the caption accordingly (see CPLR 1018, 3025 [b]; *Mortgage Elec. Registration Sys., Inc. v Holmes*, 131 AD3d 680, 681 [2015]; *T. J. Bettes Co. v South Falls Corp.*, 28 AD2d 198, 200-201 [1967]). Leventhal, J.P., Miller, Maltese and Duffy, JJ., concur.