**(March 22, 2017)**

■ Aurora Loans Services, LLC, Respondent, v Neal W. Mandel, Appellant, et al., Defendants. [50 NYS3d 154]—

In an action to foreclose a mortgage, the defendant Neal W. Mandel appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 6, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, for an order of reference, and to amend the caption to substitute Nationstar Mortgage, LLC, as the plaintiff, and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage and subsequently moved, inter alia, for summary judgment on

the complaint insofar as asserted against the defendant Neal W. Mandel (hereinafter the defendant), for an order of reference, and to amend the caption to substitute Nationstar Mortgage, LLC (hereinafter Nationstar), as the plaintiff. The defendant, inter alia, cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground of lack of standing, which had been raised in his answer as an affirmative defense. The Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and to amend the caption to substitute Nationstar as the plaintiff. The court also denied the defendant's cross motion for summary judgment. The defendant appeals.

" 'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default' " (*North Am. Sav. Bank, FSB v Esposito-Como*, 141 AD3d 706, 708 [2016], quoting *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). "Additionally, where, as here, the plaintiff's standing is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing" (*Flagstar Bank, FSB v Mendoza*, 139 AD3d 898, 899 [2016]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898, 899 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]).

Here, the plaintiff established, prima facie, that it had standing to commence this foreclosure action. The plaintiff submitted evidence, including the affidavit of Laura McCann, a vice president of the plaintiff's parent company and a former vice president of the plaintiff, which sufficiently demonstrated that the plaintiff had physical possession of the subject note at the time of the commencement of this action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 360-362; *Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d at 899; *Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973 [2014]). Moreover, the mortgage passes with the note as an incident thereto, and possession or assignment of the mortgage is not dispositive of the plaintiff's standing.

Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the

mortgage, the unpaid note, and evidence of the defendant's default (see *Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d at 899).

In opposition, the defendant failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The court also properly denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, as the defendant failed to make a prima facie showing that the plaintiff lacked standing (see *Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2016]).

Furthermore, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to amend the caption to substitute Nationstar as the plaintiff (see CPLR 1018, 3025 [b]; *Washington Mut. Bank v Nussen*, 138 AD3d 828, 830 [2016]; *Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000, 1001 [2015]). The plaintiff submitted evidence demonstrating that the subject note was in Nationstar's possession at the time of the plaintiff's motion, and that the mortgage was assigned to Nationstar after the commencement of the action. The plaintiff, therefore, established that Nationstar is now the real plaintiff in interest (see *Aurora Loan Servs., LLC v Lopa*, 130 AD3d 952, 952-953 [2015]). Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.