■ CITICORP MORTGAGE, Respondent, v ALAN ADAMS et al., Appellants, et al., Defendants. [60 NYS3d 337]—

In an action to foreclose a mortgage, the defendants Alan Adams and Zatrasha Adams appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered July 13, 2015, which granted the plaintiff's motion pursuant to CPLR 1018 to substitute nonparty Federal National Mortgage Association as the plaintiff and to amend the caption accordingly, and denied their cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the plaintiff's motion pursuant to CPLR 1018 to substitute nonparty Federal National Mortgage Association as the plaintiff and to amend the caption accordingly, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, with one bill of costs to the defendants Alan Adams and Zatrasha Adams payable by the plaintiff.

In this mortgage foreclosure action, the plaintiff moved pursuant to CPLR 1018 to substitute nonparty Federal National Mortgage Association (hereinafter FNMA) as the plaintiff and

to amend the caption accordingly. The defendants Alan Adams and Zatrasha Adams (hereinafter together the defendants) opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them on the ground of lack of standing. In an order entered July 13, 2015, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.

CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." "The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (*NationsCredit Home Equity Servs. v Anderson*, 16 AD3d 563, 564 [2005]; *see GRP Loan, LLC v Taylor*, 95 AD3d 1172, 1174 [2012]). Here, the plaintiff failed to demonstrate that it transferred its interest in the action to FNMA and, therefore, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 1018 (*cf. Aurora Loans Servs., LLC v Mandel*, 148 AD3d 965, 967 [2017]; *Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000, 1001 [2015]; *Aurora Loan Servs., LLC v Lopa*, 130 AD3d 952, 952-953 [2015]; *Deutsche Bank Trust Co., Ams. v Stathakis*, 90 AD3d 983, 983 [2011]).

Nevertheless, the Supreme Court properly denied the defendants' cross motion, in effect, for summary judgment dismissing the complaint insofar as asserted against them for lack of standing. "[T]he burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (*Deutsche Bank Trust Co. Ams. v Vitellas*, 131 AD3d 52, 59-60 [2015]; *see Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 652 [2016]). Here, the defendants failed to eliminate triable issues of fact regarding the plaintiff's standing as the holder or assignee of the note on the date of commencement of the action (*see U.S. Bank N.A. v Handler*, 140 AD3d 948, 950 [2016]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, their cross motion was properly denied without regard to the sufficiency of any opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.