Citimortgage, Inc. v Bredehorn (2018 NY Slip Op 02595)





Citimortgage, Inc. v Bredehorn


2018 NY Slip Op 02595


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-11384
 (Index No. 687/14)

[*1]Citimortgage, Inc., etc., respondent, 
v
Dorothy Bredehorn, appellant, et al., defendants.


Christopher Thompson, West Islip, NY, for appellant.
David A. Gallo & Associates, LLP, Rego Park, NY (Jonathan M. Cohen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dorothy Bredehorn appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 27, 2015. The order (1) granted that branch of the plaintiff's motion which was, in effect, for leave to renew its prior motion to amend the caption by substituting Federal National Mortgage Association as the plaintiff and, upon renewal, granted the prior motion, and (2) granted that branch of the plaintiff's motion which was to amend the caption to omit George Bredehorn as a defendant.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion is denied.
In October 2007, the defendant Dorothy Bredehorn (hereinafter the appellant) and her husband, the defendant George Bredehorn, executed a promissory note in the sum of $356,000 encumbering real property located in Amityville. The Bredehorns defaulted on the loan by failing to make the monthly installment payment due December 1, 2009. George Bredehorn died on December 21, 2012. In January 2014, the plaintiff commenced this action to foreclose the mortgage against the appellant and George Bredehorn, and any other persons or entities claiming an interest in the property.
In August 2014, the plaintiff moved to amend the caption to substitute Federal National Mortgage Association (hereinafter FNMA) as the plaintiff. In November 2014, the Supreme Court denied the plaintiff's motion with leave to renew upon a proper substitution pursuant to CPLR 1021 for the deceased party, George Bredehorn. In December 2014, the plaintiff, in effect, [*2]moved for leave to renew its prior motion to amend the caption to substitute FNMA as the plaintiff and to amend the caption to omit George Bredehorn as a party defendant. The Supreme Court granted the plaintiff's motion. We reverse.
The Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was, in effect, for leave to renew its prior motion to amend the caption by substituting FNMA as the plaintiff and, upon renewal, granting the prior motion. Although the plaintiff submitted evidence that the mortgage was assigned to FNMA, there was no evidence in admissible form of an assignment of the note or a transfer of possession of the note to FNMA. The only evidence offered by the plaintiff that the note had in fact been transferred to FNMA was the statement in the plaintiff's attorney's affirmation that "based on telephonic conversations," the attorney had been advised that FNMA was the holder of the note as of February 1, 2014. This statement is inadmissible hearsay (see Citicorp Mtge. v Adams, 153 AD3d 779, 780; Aurora Loan Servs., LLC v Mandel, 148 AD3d 965, 966; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001; Aurora Loan Servs., LLC v Lopa, 130 AD3d 952, 952-953; Hypo Holdings, Inc. v Feuer, 68 AD3d 722).
Further, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was to omit George Bredehorn from the caption. The plaintiff did not establish that George Bredehorn died intestate, move to substitute a representative for George Bredehorn's estate as a defendant, move to discontinue the action insofar as asserted against him, or represent that it would not seek a deficiency judgment against his estate. In light of the plaintiff's failure to take any one of those actions, the action against George Bredehorn was not extinguished (see U.S. Bank N.A. v Esses, 132 AD3d 847, 848; CPLR 1015[a]).
Accordingly, the plaintiff's motion should have been denied.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court