Federal Natl. Mtge. Assn. v Nugent (2020 NY Slip Op 05490)





Federal Natl. Mtge. Assn. v Nugent


2020 NY Slip Op 05490


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-07802
2018-07803
2018-07804
 (Index No. 16690/13)

[*1]Federal National Mortgage Association, respondent,
v
Nancy E. Nugent, etc., appellant, et al., defendants; Citimortgage, Inc., nonparty-respondent.


Silberstein, Awad & Miklos, P.C., Garden City, NY (Robert A. Miklos of counsel), for appellant.
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nancy E. Nugent appeals from (1) an order of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated June 27, 2017, (2) an order of the same court dated March 27, 2018, and (3) an order of the same court also dated March 27, 2018. The order dated June 27, 2017, denied the motion of the plaintiff's predecessor in interest, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Nancy E. Nugent, without prejudice to renew. The first order dated March 27, 2018, insofar as appealed from, granted those branches of the renewed motion of the plaintiff's predecessor in interest which were for summary judgment on the complaint insofar as asserted against the defendant Nancy E. Nugent and to amend the caption to substitute Federal National Mortgage Association as plaintiff, and denied the cross motion of the defendant Nancy E. Nugent, in effect, for summary judgment dismissing the complaint insofar as asserted against her. The second order dated March 27, 2018, insofar as appealed from, granted those same branches of the renewed motion of the plaintiff's predecessor in interest and appointed a referee.
ORDERED that the appeal from the order entered June 27, 2017, is dismissed; and it is further,
ORDERED that the orders dated March 27, 2018, are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
As an initial matter, the appeal from the order dated June 27, 2017, must be dismissed. Although the order contains language which the defendant Nancy E. Nugent (hereinafter the defendant) deems adverse to her interests, she is not aggrieved thereby (see CPLR 5511; Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473).
In February 2006, the defendant executed a note in the sum of $325,000 in favor of nonparty Great American Mortgage Corp., which was secured by a mortgage against real property owned by her. On June 26, 2013, the plaintiff's predecessor in interest, Citimortgage, Inc. (hereinafter Citimortgage), commenced this action to foreclose the mortgage after the defendant allegedly defaulted on the payments due under the note. The defendant answered and, inter alia, asserted the defense of lack of standing. In an order dated June 27, 2017, the Supreme Court denied Citimortgage's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant, without prejudice to renew.
Citimortgage subsequently made a renewed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to substitute the Federal National Mortgage Association (hereinafter Fannie Mae), as plaintiff. The defendant opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her, on the grounds that Citimortgage lacked standing to commence the action and that Fannie Mae could not establish its right to be substituted as plaintiff. In an order dated March 27, 2018, the Supreme Court, among other things, granted those branches of Citimortgage's renewed motion which were for summary judgment on the complaint insofar as asserted against the defendant and to substitute Fannie Mae as plaintiff, and denied the defendant's cross motion. In a second order dated March 27, 2018, the court granted the same branches of Citimortgage's motion and appointed a referee. The defendant appeals, arguing that Citimortgage lacked standing to commence the action, and that Fannie Mae should not have been substituted in place of the plaintiff. We affirm insofar as appealed from.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, contrary to the defendant's contention, Citimortgage established, prima facie, that it had standing to prosecute this action by demonstrating that it was in physical possession of the note, endorsed in blank, which was annexed to the complaint, at the time this action was commenced (see U.S. Bank N.A. v Auguste, 173 AD3d 930, 933; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). Since Citimortgage demonstrated its physical possession of the note at the time of commencement of the action by attaching a copy of the note to the complaint, it was not required to offer evidence of a written assignment of the underlying note (see Deutsche Bank Natl. Trust Co. v Whalen, 107 AD3d 931, 932). In opposition, the defendant failed to raise a triable issue of fact.
Further, we agree with the Supreme Court's determination to grant that branch of Citimortgage's motion which was to amend the caption and substitute Fannie Mae as the plaintiff, as Citimortgage established that its interest in the note had been assigned to Fannie Mae during the pendency of the action (see CPLR 1018; Aurora Loan Servs., LLC v Mandel, 148 AD3d 965, 967; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001).
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court