Prof-2014-S2 Legal Tit. Trust II v DeMarco (2022 NY Slip Op 03263)

Prof-2014-S2 Legal Tit. Trust II v DeMarco

2022 NY Slip Op 03263

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.

2019-11011
2019-11012
 (Index No. 50459/17)

[*1]Prof-2014-S2 Legal Title Trust II, etc., plaintiff,
v
Russell J. DeMarco, appellant, et al., defendants; NJCC-NYS Community Restoration Fund, LLC, nonparty-respondent.

Terry D. Horner, Poughkeepsie, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Fishkill, NY (Max T. Saglimbeni of counsel), for plaintiff and nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Russell J. DeMarco appeals from two orders of the Supreme Court, Dutchess County (Christi J. Acker, J.), both dated August 22, 2019. The first order, insofar as appealed from, granted those branches of the motion of NJCC-NYS Community Restoration Fund, LLC, which were for summary judgment on the complaint insofar as asserted against the defendant Russell J. DeMarco, to strike that defendant's answer, for an order of reference, and to amend the caption to substitute NJCC-NYS Community Restoration Fund, LLC, as the plaintiff, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. The second order, insofar as appealed from, granted the same relief to NJCC-NYS Community Restoration Fund, LLC, struck that defendant's answer, and appointed a referee to compute the amount due.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of NJCC-NYS Community Restoration Fund, LLC, which were for summary judgment on the complaint insofar as asserted against the defendant Russell J. DeMarco, to strike that defendant's answer, and for an order of reference, and denying that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying those branches of the motion of NJCC-NYS Community Restoration Fund, LLC, and granting that defendant's cross motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the motion of NJCC-NYS Community Restoration Fund, LLC, which were for summary judgment on the complaint insofar as asserted against the defendant Russell J. DeMarco, to strike that defendant's answer, and for an order of reference, and appointed a referee to compute the amount due is vacated; and it is further,
ORDERED that the appeal from so much of the second order as granted those branches of the motion of NJCC-NYS Community Restoration Fund, LLC, which were for summary judgment on the complaint insofar as asserted against the defendant Russell J. DeMarco, to strike that defendant's answer, and for an order of reference, and appointed a referee to compute the [*2]amount due, is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that the second order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In February 2017, the plaintiff commenced this action against, among others, the defendant Russell J. DeMarco (hereinafter the defendant) to foreclose a mortgage on certain real property located in Poughkeepsie. The defendant interposed an answer in which he asserted various affirmative defenses. NJCC-NYS Community Restoration Fund, LLC (hereinafter the respondent), the plaintiff's successor in interest, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to substitute itself as the proper plaintiff. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated August 22, 2019, the Supreme Court granted the respondent's motion and denied the defendant's cross motion. In a second order, also dated August 22, 2019, the court, inter alia, granted the same relief to the respondent and referred the matter to a referee to ascertain and compute the amount due. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting that branch of the respondent's motion which was for leave to amend the caption to substitute the respondent as the plaintiff (see Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1291, 1293; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 25; Aurora Loans Servs., LLC v Mandel, 148 AD3d 965, 967).
Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[1], [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866 [citations and internal quotation marks omitted]). "[P]roof of the requisite mailing . . . [is] established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21 [internal quotation marks omitted]; see LNV Corp. v Sofer, 171 AD3d 1033, 1036).
Here, the respondent failed to establish the plaintiff's strict compliance with RPAPL 1304. The respondent submitted an affidavit of Alfreda Johnson, a "Foreclosure Specialist" of Fay Servicing, LLC (hereinafter Fay), the plaintiff's servicer. Johnson did not have personal knowledge of the purported mailing (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; LNV Corp. v Sofer, 171 AD3d at 1037). Furthermore, while Johnson averred that she was familiar with Fay's mailing practices and procedures, the record indicates that the notices were not mailed by Fay. The record indicates that the notices were mailed by an entity known as "Seterus" (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; LNV Corp. v Sofer, 171 AD3d at 1037). Johnson does not address this fact at all, let alone demonstrate that she was familiar with Seterus's mailing practices and procedures. Thus, the respondent failed to establish that the 90-day notices were properly mailed in strict compliance with RPAPL 1304 (see LNV Corp. v Sofer, 171 AD3d at 1036).
Moreover, the content of the 90-day notices did not strictly comply with RPAPL 1304 (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 12-13; Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1180; U.S. Bank N.A. v Hammer, 192 AD3d 846, 848; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 105). Here, the 90-day notices omitted information that was required by RPAPL 1304 (see Bank of Am., N.A. v Kessler, 202 AD3d at 12-13; Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106-1107; Citimortgage, Inc. v Dente, 200 AD3d 1025, 1027).
On his cross motion, the defendant established his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him by showing that the plaintiff failed to strictly comply with RPAPL 1304 when it sent 90-day notices that did not contain the required information under RPAPL 1304 (see Ocwen Loan Servicing, LLC v Sirianni, 202 AD3d 702, 705-706; Bank of Am., N.A. v Kessler, 202 AD3d at 19; Citimortgage, Inc. v Dente, 200 AD3d at 1027). In opposition, the respondent failed to raise a triable issue of fact.
Thus, the Supreme Court should have denied those branches of the respondent's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, and should have granted the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
The defendant's remaining contentions are academic in light of our determination.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court