MTGLQ Invs., L.P. v Cacioppo (2023 NY Slip Op 03460)

MTGLQ Invs., L.P. v Cacioppo

2023 NY Slip Op 03460

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-08088
 (Index No. 3203/17)

[*1]MTGLQ Investors, L.P., appellant, 
v
Antonia Cacioppo, respondent, et al. defendants.

Friedman Vartolo, LLP, New York, NY (Zachary Gold of counsel), for appellant.
Joseph, Terracciano & Lynam, LLP, Syosset, NY (Janine T. Lynam and James N. Joseph of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 11, 2020. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Antonia Cacioppo, to strike that defendant's answer, and for an order of reference, and granted that defendant's cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the cross-motion of the defendant Antonia Cacioppo, in effect, for summary judgment dismissing the complaint insofar as asserted against her, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant Antonia Cacioppo (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Seaford. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's failure to comply with RPAPL
1304. By order dated February 10, 2020, the Supreme Court denied the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
Proper service of a RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition (see Wells Fargo Bank, N.A. v McMahon, 202 AD3d 886, 887; Deutsche Bank Natl. Trust Co. v Starr, 173 AD3d 836, 837). The statute requires that, at least 90 days before commencement of a residential foreclosure action, the lender, assignee or mortgage loan servicer must send the notice by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[1], [2]). Compliance with these requirements can be "established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; [*2]see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556; Prof-2014-S2 Legal Title Trust II v DeMarco, 205 AD3d 943, 945).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. The plaintiff submitted a detailed affidavit of mailing from an assistant secretary of loan documentation at Rushmore Loan Management Services, LLC (hereinafter Rushmore), which demonstrated that the RPAPL 1304 notices had been mailed in accordance with the statute (see RPAPL 1304[2]; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). However, this affidavit failed to demonstrate that Rushmore had the authority to service the loan at the time that it mailed the RPAPL 1304 notices to the defendant (cf. HSBC Bank USA, N.A. v Bermudez, 175 AD3d 667, 670-671), and this record presents triable issues of fact as to whether Rushmore had this authority. Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Antonia Cacioppo, to strike that defendant's answer, and for an order of reference.
However, the Supreme Court should have denied the defendant's cross-motion, in effect, for summary judgment dismissing the complaint insofar as asserted against her based on the plaintiff's alleged failure to comply with RPAPL 1304 (see Nationstar Mtg., LLC v Matles, 185 AD3d 703). The defendant's bare denial of receipt of the RPAPL 1304 notice was insufficient to establish her prima facie entitlement to judgment as a matter of law (see Everhome Mtge. Co. v Aber, 195 AD3d 682, 688, affd 39 NY3d 949), and she "'did not carry [her] burden in moving for summary judgment by pointing to the gaps in the plaintiff's proof'" (Bank of N.Y. Mellon v Basta, 205 AD3d 664, 666, quoting Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1106; see JPMorgan Chase Bank, N.A. v Gold, 188 AD3d 1019, 1022).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court