JPMorgan Chase Bank, N.A. v Akhtar (2023 NY Slip Op 03857)

JPMorgan Chase Bank, N.A. v Akhtar

2023 NY Slip Op 03857

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2020-05785
 (Index No. 24589/12)

[*1]JPMorgan Chase Bank, N.A., appellant,
v
Naseem Akhtar, et al., defendants, Irshad Chaudhry, etc., respondent.

Friedman Vartolo, LLP, New York, NY (Richard O'Brien, Ronald P. Labeck, and Oran Schwager of counsel), for appellant.
Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated January 15, 2020. The order, insofar as appealed from, denied those branches of the motion of the purported assignee U.S. Bank Trust National Association which were for summary judgment on the complaint insofar as asserted against the defendant Irshad Chaudhry, in effect, to strike that defendant's answer, to appoint a referee to compute the amount due on the note, and to amend the caption to substitute the purported assignee U.S. Bank Trust National Association, as Trustee of the Chalet Series IV Trust, as the plaintiff.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 4, 2008, the defendant Irshad Chaudhry (hereinafter the defendant) and the defendant Naseem Akhtar executed a note in the sum of $434,000 in favor of Ameritrust Mortgage Bankers, Inc. The note was secured by a mortgage on certain real property located in Brooklyn. Subsequently, the mortgage was assigned to the plaintiff. On December 27, 2012, the plaintiff commenced the instant action to foreclose a mortgage against the defendant, among others. The defendant interposed an answer dated January 29, 2013, in which he asserted, inter alia, an affirmative defense alleging that the plaintiff lacked standing.
Thereafter, the mortgage was purportedly assigned to Federal National Mortgage Association (hereinafter Fannie Mae) in October 2014, to MTGLQ Investors, L.P., in June 2016, and finally to U.S. Bank Trust National Association (hereinafter U.S. Bank), in July 2019.
On October 31, 2019, the purported assignee, U.S. Bank, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, in effect, to strike the defendant's answer, to appoint a referee to compute the amount due on the note, and to amend the caption to substitute U.S. Bank as the plaintiff. In support of the motion, U.S. Bank submitted the affidavit of Eric Wright, an asset manager for SN Servicing Corporation (hereinafter SN), the loan servicer for U.S. Bank. The affidavit is dated October 16, 2019. Wright stated that he was familiar with SN's records and record-keeping practices, and that SN kept records regarding the subject loan [*2]on behalf of U.S. Bank. He also stated that the records of prior loan servicers had been incorporated into SN's records and are relied upon by SN in the ordinary course of business. Wright stated, in relevant part, that the original note had been delivered to U.S. Bank on or before August 27, 2019, and that U.S. Bank had maintained continuous possession since that date.
U.S. Bank also submitted a lost note affidavit from Chris Sullivan, an employee of Seterus, Inc. (hereinafter Seterus), the servicer for a purported prior assignee of the note, the nonparty Fannie Mae. The lost note affidavit was submitted as an exhibit to Wright's affidavit. Sullivan's affidavit is dated April 26, 2016. Sullivan stated that he was familiar with Seterus's records and record-keeping practices. Sullivan stated, in relevant part, that, "[a]t the time the note was lost, Fannie Mae was entitled to enforce the note when loss of possession occurred."
In an order dated January 15, 2020, the Supreme Court denied U.S. Bank's motion, finding that the "plaintiff" claimed "to be in possession of the lost note affidavit but offer[ed] no evidence of its ownership of the note." The plaintiff appeals on behalf of U.S. Bank.
Where, as here, a plaintiff's standing to maintain a foreclosure action is placed in issue by a defendant, a plaintiff must prove its standing to be entitled to relief (see Wilmington Sav. Fund Socy., FSB v Finn, 170 AD3d 1246, 1247). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Here, U.S. Bank failed to submit any admissible evidence to demonstrate that the plaintiff was the holder or assignee of the note at the time the action was commenced in December 2012. Neither the lost note affidavit nor the affidavit of Wright make any reference to the plaintiff having had possession of the note in December 2012, or at any other time. Therefore, U.S. Bank failed to establish that the plaintiff had standing.
Moreover, even if U.S. Bank had established that the plaintiff had standing, it failed to demonstrate that it was in possession of the note (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d 1043, 1044). "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note and evidence of default" (id. at 1044 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). "Pursuant to UCC 3-804, which is intended to provide a method of recovery on instruments that are lost, destroyed, or stolen, a plaintiff is required to submit 'due proof of [the plaintiff's] ownership, the facts which prevent [its] production of [the note,] and its terms'" (Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044, quoting UCC 3-804).
Here, the lost note affidavit of Sullivan that was submitted as an exhibit to Wright's affidavit is inconsistent with statements in Wright's affidavit. According to the lost note affidavit, the note was lost at some point in time prior to April 26, 2016 (the date of the affidavit), during the time that Fannie Mae was entitled to enforce it. However, Wright states in his affidavit that the original note was delivered to U.S. Bank on or before August 27, 2019, more than three years after its alleged loss, and that U.S. Bank has maintained continuous possession since then. Thus, there are triable issues of fact regarding the status of the note, and whether U.S. Bank was in possession of the note at the time that it moved for summary judgment (see Deutsche Bank Natl. Trust Co. v Anderson, 161 AD3d at 1044-1045).
Similarly, U.S. Bank failed to demonstrate that the Supreme Court improvidently exercised its discretion in denying that branch of its motion which was to amend the caption to substitute U.S. Bank as the plaintiff (see CPLR 1018; Citicorp Mtge. v Adams, 153 AD3d 779, 780; cf. Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001).
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court