Wilmington Trust, N.A. v 9th Ave Hotel Prop. Holding LLC (2025 NY Slip Op 51276(U))

[*1]

Wilmington Trust, N.A. v 9th Ave Hotel Prop. Holding LLC

2025 NY Slip Op 51276(U)

Decided on August 14, 2025

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 14, 2025
Supreme Court, New York County

Wilmington Trust, National Association, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE TRUST 2016-NXS6, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2016-NXS6, Plaintiff,

against
9th Ave Hotel Property Holding LLC, SALIM ASSA, EZAK ASSA, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, 515 NINTH AVENUE PARKING CORP., VENEZIA MIDTOWN LLC, JOHN DOE # 1-50, Defendant.

Index No. 850030/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 012) 434, 435, 437, 438, 439, 440, 441, 490 were read on this motion to AMEND CAPTION/PLEADINGS.
This is a commercial mortgage foreclosure action. In motion sequence 012, nonparty Manhattan GEM Holdings, LLC (MGH), moves, pursuant to CPLR §1018 and 1021, for an order granting it substitution and amending the caption to reflect the substitution. Defendants oppose the application.
Upon any transfer of interest, an action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action (CPLR 1018). Under CPLR 1021, "[a] motion for substitution may be made by the successors or representatives of a party or by any party." The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court (Citicorp Mortg. [*2]v Adams, 153 AD3d 779, 780 [2d Dept 2017]).
Here, nonparty movant sets forth no basis for this court to ascertain whether substitution is proper. MGH fails to provide any document reflecting an ownership interest relevant to this action (Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001[2d Dept 2015][upon proof that the mortgage and the underlying debt was assigned a motion to substitute and amend is properly granted]).
The affirmation in support of the motion by the managing member of MGH is not sufficient proof of an assignment of a mortgage or the existence of an underlying debt owned by MGH (Citimortgage, Inc. v Bredehorn, 160 AD3d 803, 804 [2d Dept 2018][although the plaintiff submitted evidence that the mortgage was assigned, there was no evidence in admissible form of an assignment of the note or a transfer of possession of the note]).
Standing to make the motion for substitution is conferred on any person with a direct stake in the matter, but for the court to assess the propriety of the substitution, the movant must set forth some basis that establishes its stake in the matter. To establish entitlement to substitution, a party to whom an interest is transferred must, at minimum, provide evidence of ownership of that interest (Citimortgage, 160 AD3d at 804).
Where a party fails to submit evidence of a transfer of an ownership interest, substitution is properly denied (Citicorp, 153 AD3d at 780). The court declines to accept counsel's submission of the mortgage documents for the first time in reply (470 4th Ave. Fee Owner, LLC v Adam Am. LLC, 85 Misc 3d 1241(A) [NY Sup. Ct. 2025] citing, Kennelly v Mobius Realty Holdings LLC, 33 AD3d 380, 381 [1st Dept 2006][rejecting new evidence in reply in order to prevent a movant from remedying basic deficiencies in its prima facie showing thereby shifting to the non-moving party the burden of proof at a time when that party has neither the obligation nor opportunity to respond]).
Accordingly, it is hereby
ORDERED that the motion of nonparty MGH to substitute and amend the caption (motion seq. no. 012) is denied, without prejudice.
DATE August 14, 2025
ROBERT R. REED, J.S.C.