New Penn Fin., LLC v Dancy

2026 NY Slip Op 01975

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

New Penn Financial, LLC, etc., respondent,

v

Macky Dancy, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-07927, (Index No. 5294/16)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Christopher Thompson, West Islip, NY (McKinley Law, P.C. [Shannon C. McKinley], of counsel), for appellant.

Hinshaw & Culbertson LLP, New York, NY (Omar Mulamekic and Margaret J. Cascino of counsel), for nonparty U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Macky Dancy appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered June 7, 2023. The order granted the plaintiff's motion pursuant to CPLR 4314 to appoint a successor referee and for leave to amend the caption to substitute U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, as the plaintiff.

ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to amend the caption to substitute U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust, as the plaintiff, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's predecessor in interest commenced this action against the defendant Macky Dancy (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property located in Nassau County. The defendant did not appear or answer the complaint. In an order dated June 27, 2018, the Supreme Court, inter alia, appointed a referee to compute the amount due on the mortgage loan and amended the caption to substitute the plaintiff in place of the plaintiff's predecessor in interest.

Thereafter, the plaintiff moved pursuant to CPLR 4314 to appoint a successor referee and for leave to amend the caption to substitute U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust (hereinafter U.S. Bank), as the plaintiff. In an order entered June 7, 2023, the Supreme Court granted the plaintiff's motion. The defendant appeals.

Under the circumstances presented, the Supreme Court properly granted that branch of the plaintiff's motion which was to appoint a successor referee (see id.; Associates First Capital Corp. v Roth, 226 AD3d 636).

CPLR 1018 provides that "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." "The determination to substitute or join a party pursuant to CPLR 1018 is within the discretion of the trial court" (NationsCredit Home Equity Servs. v Anderson, 16 AD3d 563, 564; see GRP Loan, LLC v Taylor, 95 AD3d 1172, 1174). Here, the plaintiff failed to demonstrate that U.S. Bank had an interest in this action, and therefore, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to amend the caption to substitute U.S. Bank as the plaintiff (see U.S. Bank N.A. v Medina, 230 AD3d 1371, 1377; Citimortgage, Inc. v Bredehorn, 160 AD3d 803, 804; Citicorp Mtge. v Adams, 153 AD3d 779, 780).

The parties' remaining contentions are either without merit or not properly before this Court.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court